UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61312-CIV-LENARD/GARBER

**MANUEL E. RIVAS,**

    Plaintiff,

v.

**RECEIVABLES PERFORMANCE MANAGEMENT, LLC,**

    Defendant.

_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS FOR LACK OF JURISDICTION (D.E. 40)

**THIS CAUSE** is before the Court on Defendant's Motion for Summary Judgment and Motion to Dismiss for Lack of Jurisdiction ("Motion," D.E. 40) filed on May 2, 2009. Plaintiff filed his Response to Defendant's Motion ("Response," D.E. 55) on July 29, 2009. Defendant filed its Reply to Plaintiff's Response (D.E. 60) on August 21, 2009. Having considered the Motion, the related papers, and the record, the Court finds as follows.

**I.    Background**

Plaintiff owed a debt in the amount of $677.42 to HSBC Card Services. (Declaration of Manuel E. Rivas ("Rivas Decl."), D.E. 56 at 2.) Plaintiff contends that the debt relates to credit card purchases that he made for personal, family, or household purposes.[1] (Id. at 3.)

---

[1]     Defendant urges the Court to disregard Plaintiff's statement in his declaration that the debt was for personal, family, or household purposes, because he stated in his deposition that

That debt is now owned by FFPM Carmel Holdings I, LLC. (Id. at 2.) The record is unclear regarding the precise relationship between FFPM Carmel Holdings I, LLC and Defendant. However, between March and July 2008, Defendant left Plaintiff four messages in an effort to collect the debt; the messages did not state the name of the business calling, the purpose of the calls, or that the caller was a debt collector. (Id.) Besides the four messages, Defendant placed 84 "automated" calls to Plaintiff's cellular phone in an effort to collect the debt. (D.E. 57 at 8.)

Plaintiff contends that he never provided Defendant or HSBC Card Services consent to call his cellular telephone using an automatic dialing system. (Rivas Decl. at 2.)[2] Plaintiff's cellular phone is in his son's name but he contends that he pays the bill for the service. (Rivas Deposition, D.E. 53-2 at 18-20.)

In his Complaint, Plaintiff alleges seven claims against Defendant: failure to disclose status as a debt collector in violation of the Fair Debt Collections Practices Act ("FDCPA"),

---

he could not recall the nature of the debt. It is true that the Court may disregard an affidavit submitted solely for the purpose of opposing a motion for summary judgment when that affidavit is directly contradicted by deposition testimony, McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1240 n.7 (11th Cir. 2003), but that is not the situation presented here. Plaintiff simply testified in his deposition that he could not remember the nature of the debt, while he stated in his declaration that he remembered what it was for after reviewing some documents. Thus, the Court will not disregard the statements in his declaration for the purposes of the instant Motion.

[2]     Defendant also seeks to strike Plaintiff's statement in his declaration that he did not provide Defendant consent to call his cellular phone based on his deposition testimony. However, in his deposition testimony he stated that he did not remember what he had said to a representative of Defendant when he spoke to the representative on the telephone. (Rivas Deposition, D.E. 53-2 at 18-20.) Again, his deposition testimony and his declaration are not in direct contradiction and thus the Court will not disregard the statements in his declaration for the purposes of the instant Motion.

2

15 U.S.C. § 1692e(11) (Count I); failure to make meaningful disclosure of identity as a debt collector in violation of the FDCPA, 15 U.S.C. § 1692d(6) (Count II); illegal collection techniques in violation of the Florida Consumer Collections Practices Act ("FCCPA"), Fla. Stat. § 559.72(9) (Count III); harassment in violation of the FCCPA Fla. Stat. § 559.72(7) (Count IV); invasion of privacy by intrusion on seclusion (Count VI)[3]; violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii) (Count VII); and declaratory and injunctive relief under the FDCPA, FCCPA, and the TCPA (Count VIII).

## II.    Standard of Review

On a motion for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  The Supreme Court has explained the summary judgment standard as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The trial court's function at this

---

[3]    There is no Count V in the Complaint.

3

juncture is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248; see also Barfield v. Brierton, 883 F.2d 923, 933 (11th Cir. 1989).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions of file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. Once this initial demonstration under Rule 56(c) is made, the burden of production, not persuasion, shifts to the nonmoving party. The nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324; see also Fed.R.Civ.P. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Id. at 587. An action is void of a material issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Id.

4

**III.   Motion**

Defendant makes seven arguments in support of his Motion: (1) there is no evidence that the debt at issue was a consumer debt; (2) there is no evidence that Defendant willfully or knowingly violated the FCCPA; (3) the invasion of privacy claim fails; (4) Plaintiff lacks standing to assert the TCPA claims; (5) there is no evidence that Defendant willfully or knowingly violated the TCPA; (6) Plaintiff is not entitled to injunctive or declaratory relief; and (7) the Court lacks subject matter jurisdiction because Plaintiff has been offered everything that he is entitled to recover.

**IV.   Discussion**

The Court will address each of Defendant's arguments in turn.

  **A.   There is evidence that the debt was a consumer debt.**

Because Plaintiff contends in his Declaration that the subject debt relates to credit card purchases that he made for personal, family, or household purposes, (see D.E. 56 at 3), Defendant's argument that dismissal is warranted under the FDCPA and FCCPA for failure to allege a consumer debt fails. See 15 U.S.C. § 1692a(5) (defining a debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment") and Fla. Stat. § 559.55(1) (same). Accordingly, Defendant's Motion as to Counts I and II is **DENIED**.

5

>   **B.      There are material issues of fact regarding Defendant's alleged willful violation of the FCCPA as claimed in Count IV, but Plaintiff fails to state a claim in Count III, Defendant's alleged knowing violation of the FCCPA.**

Regarding Count IV, Fla Stat. § 559.72(7) provides in relevant part that: "In collecting consumer debts, no person shall . . . Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

Plaintiff has adduced evidence that Defendant made 84 "automated" calls to Plaintiff's cellular phone and left four messages in an effort to collect the debt. The Court finds that this evidence is sufficient to create a material issue of fact regarding whether Defendant willfully engaged in harassing or abusive conduct in an attempt to collect a consumer debt, such that Count IV, harassment in violation of the FCCPA pursuant to Fla. Stat. § 559.72(7), may proceed.

Regarding Count III, under the FCCPA, a debt collector cannot "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9). Plaintiff contends that Defendant asserted a legal right to engage in collection techniques that it knew was illegal and therefore violated the FCCPA.

The Court finds that Plaintiff's claim in Count III fails. A claim under § 559.72(9) requires the misrepresentation of a "legal right." See Cliff v. Payco Gen. Am. Credits, Inc.,

363 F.3d 1113, 1126 (11th Cir. 2004). Plaintiff has failed to demonstrate any evidence suggesting that Defendant misrepresented a legal right.  Instead, Plaintiff is essentially attempting to get "double milage" out of his claim in Count IV, Defendant's alleged use of harassing and abusive collection techniques.  Cf.  Pollock v. Bay Area Credit Serv., LLC, 2009 WL 2475167, *9 (S.D. Fla. Aug. 12, 2009) ("Plaintiff argues that Defendant knew of the consumer's rights to be informed under the FDCPA, yet violated those rights. . . It is unclear to the Court how this resulted in the Defendant asserting a right that did not exist. For example, there has not been an allegation that a debt that did not exist was being asserted. The Court agrees that Plaintiff has conflated the FDCPA's requirements with the FCCPA's provisions, without demonstrating the basis for its legal theory.").  Further, even if he had stated a valid claim, he has failed to point the Court to any evidence that Defendant knowingly violated the FCCPA.

Accordingly, Defendant's Motion is **GRANTED** as to Counts III and **DENIED** as to Count IV.

### C. Defendant is entitled to summary judgment on Plaintiff's invasion of privacy claim alleged in Count VI.

Plaintiff states that he has abandoned his invasion of privacy claim and withdraws it with prejudice. (D.E. 55 at 4.)  Accordingly, Defendant's Motion as to Count VI is **GRANTED**.

### D. Plaintiff has standing to assert his TCPA claim in Count VII

The TCPA states in relevant part that

7

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States. . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]

47 U.S.C. § 227(b)(1)(A)(iii).

Defendant contends that because Plaintiff's cellular phone was in his son's name, Plaintiff was not the called party "charged for the call" and therefore lacks standing to bring a claim under the TCPA. The Court disagrees. Plaintiff testified that he is the one that pays for his cellular telephone even though the cellular telephone is in his son's name. (Rivas Deposition, D.E. 53-2 at 18-20.) As such, the Court finds that Plaintiff was the one being charged for calls to his cellular phone and thus he has standing to assert a claim against Defendant for violations of the TCPA.

### E.   There are material issues of fact regarding Defendant's alleged violation of the TCPA as claimed in Count VII.

As noted above, to demonstrate a violation of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff must prove that Defendant used an "automatic telephone dialing system" to call him without his prior express consent.

Defendant contends that it is undisputed that it did not use an automatic telephone dialing system to call Plaintiff. That is incorrect. Pursuant to the statute, the term "automatic telephone dialing system" means equipment which "has the capacity (A) to store or produce

telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). The FCC has issued rulings expanding this definition to include "predictive dialers," which the FCC defined as "having the capacity to dial numbers without human intervention." FCC, IN THE MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: REQUEST OF ACA INTERNATIONAL FOR CLARIFICATION AND DECLARATORY RULING, 07-232, P12, n.23 (2007) ("FCC RUL. 07-232") (quoting and affirming FCC, IN THE MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 03-153, P131 (2003)). Defendant's Senior Director of Operations testified that Defendant placed the calls to Plaintiff using a mechanical computer device that dialed Plaintiff's number without human intervention. (Polus Deop., D.E. 54-2 at 72.) Thus, Plaintiff has at least demonstrated a material issue of fact regarding whether Defendant called him using an automatic telephone dialing system.

Defendant further argues that it is undisputed that Plaintiff had consented to the phone calls. That is also incorrect. Plaintiff states in his declaration that he never provided Defendant or HSBC Card Services consent to call his cellular telephone using an automatic dialing system. (Rivas Decl. D.E. 56 at 2.) As such, there are material issue of fact regarding Plaintiff's claim against Defendant for violation of the TCPA as alleged in Count VII.

Accordingly, Defendant's Motion as to Counts VII is **DENIED**.

### F. Plaintiff's claims for declaratory and injunctive relief in Count VIII

Plaintiff concedes in his Response that he may not make a claim for equitable relief under the FDCPA. However, Plaintiff correctly points out that he may make a claim for equitable relief under the FCCPA, see Fla. Stat. § 559.77(2), and under the TCPA, see 47 U.S.C. § 227(b)(3)(A). As such, Defendant's Motion as to Count VIII is **GRANTED IN PART AND DENIED IN PART**.

### G. The Court has subject matter jurisdiction

Federal Rule of Civil Procedure 68 provides that more than ten days before a trial begins, the defending party may serve an offer to allow a judgment on specified terms. Though there is no published Eleventh Circuit precedent on point[4], courts in other circuits have held that Rule 68 offers can be used to show that the court lacks subject-matter jurisdiction. See e.g., O'Brien v. Ed Donnelly Enterprises, Inc., -- F.3d -- , 2009 WL 2382437, *3 (6th Cir. Aug.5, 2009) (offer of judgment considered to determine whether claims moot); Greisz v. Household Bank (Ill.), N.A., 176 F.3d 1012, 1015 (7th Cir. 1999) (offer of judgment that encompasses the relief claimed "eliminates a legal dispute upon which federal jurisdiction can be based," because "[y]ou cannot persist in suing after you've won"). However, the offer of judgment must accord relief for all of Plaintiff's claims. See 13A Charles Alan Wright & Arthur R. Miller, Fed. Practice and Procedure: Jurisdiction 2d

---

[4] In a recent unpublished opinion the Eleventh Circuit affirmed a district court's dismissal of a case after the defendant offered to pay the maximum recovery to which the plaintiff was entitled. See Sampaio v. Client Services, Inc., 306 Fed. Appx. 496 (11th Cir., Jan. 7, 2009).

§ 3533.2, at 236 (2d ed. 1984) ("Even when one party wishes to persist to judgment, an offer to accord <u>all of the relief demanded</u> may moot the case.") (emphasis added).

Defendant offered to pay Plaintiff $2,001 plus reasonable attorney's fees and costs on his FDCPA and FCCPA claims, but did not offer to settle Plaintiff's TCPA claims or his claim for equitable relief.   As such, Defendant's offer did not accord Plaintiff relief as to all of his claims and, therefore, did not deprive this Court of subject matter jurisdiction.  <u>See</u> <u>Valencia v. Affiliated Group, Inc.</u>, 2008 WL 4372895, *2 (S.D. Fla. Sept. 24, 2008) ("Defendant's theory is that Plaintiff was offered everything she seeks in her suit against Defendant. Therefore, Defendant argues, there is no dispute over which to litigate, rendering Plaintiff's action subject to dismissal as moot. However, Defendant's theory is fatally flawed as applied to the instant case. Defendant's offer of $ 1,001 plus reasonable attorney's fees and costs did not satisfy the Plaintiff's entire demand. Defendant did not offer to satisfy Plaintiff's demand for declaratory and injunctive relief sought in Count III.").

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment and Motion to Dismiss for Lack of Jurisdiction (D.E. 40) is **GRANTED IN PART AND DENIED IN PART**, consisted with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida this 1st day of September 2009.

/s/ Joan A. Lenard
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**